(No. 83-CC-2496—)

THOMAS J. SNEED and BARBARA A. SNEED, Claimants, *v.*
THE STATE OF ILLINOIS, Respondent.

*Order on motion to dismiss filed August 18, 1983.*

*Order on rehearing filed September 7, 1984.*

*Opinion filed March 15, 1988.*

*Order on denial of rehearing filed May 13, 1988.*

THOMAS J. SNEED and BARBARA A. SNEED, *pro se*, for Claimants.

NEIL F. HARTIGAN, Attorney General (CLAIRE GIBSON TAYLOR, Assistant Attorney General, of counsel), for Respondent.

## ORDER ON MOTION TO DISMISS

ROE, J.

This cause having come for consideration on the

Respondent's motion to dismiss and the Court being duly advised in the premises:

Finds, that the claim No. 83-CC-2496 is a duplicate of claim No. 81-CC-2195.

It is hereby ordered, that this cause be dismissed with prejudice.

## ORDER ON REHEARING

Roe, J.

This cause comes on to be heard on the Claimant's petition for rehearing, it appearing that due notice has been given, and the Court being fully advised in the premises;

It is hereby ordered that our order of August 18, 1983, be, and hereby is, vacated and Respondent's motion to dismiss is hereby denied.

## OPINION

Poch, J.

This claim is for crop loss due to flooding in the spring of 1983. Hearings were conducted before Commissioner Robert H. Rath. Both parties have filed their briefs and Commissioner Rath has duly filed his report.

This claim is a sequel to the claim of Claimants adjudicated in cause No. 81-CC-2195 before this Court in which Claimants were awarded damages. In this case, Claimants seek an award based on damages to their truck-farm operation in the flood of 1983 and involve similar, though not identical, issues as previously adjudicated.

Claimants contend that during the construction of

Interstate 57 through Alexander County by the State of Illinois, Respondent removed dirt from a public roadway known as the Sears-Roebuck Road thereby permitting the drainage of water to flow upon and across the above-mentioned public roadway flooding their property and damaging fruit trees, wheat, a strawberry patch, onions and cabbage.

Claimants' main contention is that the State has failed to replace the Sears-Roebuck Road in the manner and condition that this road existed prior to the construction of Interstate 57, including the condition of culverts and water control flaps installed on culverts.

At the hearing in this case, Claimants testified that subsequent to the prior case the State attempted to replace the contour of the Sears-Roebuck Road but failed to "finish the job." Further, Claimants contend that the State failed to replace a water control "flap" on a culvert to impede the flow of water so that water would only run north to the point of the flap and not beyond so as to flood Claimants' property.

Claimants' theory necessarily asserts that the State is responsible for restoring the contours and impediments to the flow of water that existed prior to the State's construction of Interstate 57. Critical to the case of the Claimants is proof of the condition of the Sears-Roebuck Road prior to the construction of Interstate 57 including such culverts and water control flaps as may have existed at that time. In the previous case, Claimants succeeded in showing that a portion of the Sears-Roebuck Road had been removed which allowed water to flood Claimants' land. It is now agreed by Claimants and Respondent that Respondent has restored the Sears-Roebuck Road to its original condition in compliance with Claimants' complaint in the earlier case.

Respondent's agents testified that there is no record of culverts and water control flaps extant on the Sears-Roebuck Road prior to the construction of Interstate 57 comparable to those described by the Claimants. Topographic survey books predating the construction of Interstate 57 in 1965 and 1969 portray certain pipes and water control devices crossing under the Sears-Roebuck Road but show no water control flaps. Richard Brake, a district field engineer of Respondent, testified that such flaps would have been shown if they had existed. Although a 10-inch metal pipe was restored under the Sears-Roebuck Road, no water flow flap gate was installed because no records could be found to support the contention that such a flap ever existed.

Mr. Sneed testified at length concerning his theory of the directional flow of flood waters to and from his property, yet, he failed to demonstrate that Respondent has continued in its negligence which resulted in Claimants' first award in the preceding case. Claimants' theories of liability are insufficiently supported to justify the conclusion that Claimants have met their burden of proof with respect to liability in this case.

Numerous photographs, maps, diagrams and topographic studies admitted in evidence and discussed on the record failed to show or convince, by a preponderance of the evidence, that the State has failed to replace such impediments as may have existed prior to the construction of Interstate 57 or that it has contributed in any other way to Claimants' water control problem.

There is no question that an owner of land which, by reason of its elevation, is servient to, and provides natural drainage for, the surface waters of higher lands may, by prescription, obtain an easement to free his land

of the natural burden. As to surface water drainage, the owner of servient land may, by the construction of a levee or other barrier to natural drainage, reverse the natural benefit of dominant land and insist that water not be permitted to fall onto the owner's servient estate. (*Montgomery v. Downey* (1959), 17 Ill. 2d 451, 162 N.E.2d 6.) Critical to this proposition, however, is a showing of the condition or existence of the levee or other barrier to natural drainage which has existed by prescription and entitles the owner of the servient land to maintain the barrier. Claimants have failed to establish the condition or existence of the barrier with evidence sufficient to meet their burden of proof in this claim for damages against Respondent.

For the reasons stated above, it is the decision of the Court that this claim be, and hereby is, denied.

## ORDER ON DENIAL OF REHEARING

POCH, J.

This court having considered the Claimants' request for rehearing as well as the Respondent's reply and objection thereto, and being fully advised in the premises, finds that the Claimants have failed to set forth matters not previously considered by this Court pursuant to Supreme Court Rule 367 at 87 Ill. 2d R. 367. It is therefore ordered that Claimants' request for rehearing is denied.